[Civ. No. 10351.   Third Dist.   Mar. 30, 1962.]

SADIE L. HARRIS, Plaintiff and Appellant, v. TRINITY
LODGE et al., Defendants and Respondents.

Leander W. Pitman for Plaintiff and Appellant.

Dana C. Anderson and Mary D. Anderson, in pro. per., for
Defendants and Respondents.

SCHOTTKY, J.—This is an appeal from a judgment in
favor of defendants in a personal injury action tried by the
court sitting without a jury.

The facts are not in substantial dispute and may be sum-
marized as follows: Plaintiff, Sadie L. Harris, was injured
when she fell leaving the Trinity Lodge. The accident oc-
curred on January 1, 1960. It had snowed the previous
evening. There was a flight of steps from the ground level to
the porch of the lodge and two steps from the porch to the

entrance of the lodge. There was some snow on the porch and snow and ice on the steps. Plaintiff and her husband entered the lodge about 12:30 p. m. They each had a drink of whiskey at the bar and divided a bottle of beer. After about half an hour they left the lodge by the same entrance and went to the parking lot where their pickup was parked. A Mr. Lacy, a friend of theirs, came along and they invited him to have a New Year's drink with them. The three then entered the lodge by the same entrance. The men stamped on the floor to remove the debris from their shoes. A steel mat was available but it was covered with snow and ice and could not be used. The group had no difficulty entering the lodge. After Mr. Harris and the friend drank a beer the Harrises left. Mrs. Harris left first, and as she went out the door she stumbled and fell. She testified that when her husband opened the door she put her hand on the side of the door sill, put her right foot out, and pitched forward. She said she felt an object under her foot but she did not know what it was. She did not look at the floor at her feet as she went out the door. She was aware that there was mud at the entrance.

The owner of the lodge testified that in his experience the porch had never iced up; that the roof overhangs the porch; and that the cross boards are laminated so the "snow" drips down between. He also testified the employees were instructed to keep the floor of the bar free from moisture, as well as the outside.

The trial court made the following findings: "That the defendants, and each of them, did not negligently and carelessly maintain and control their place of business, but rather did maintain their place of business in the exercising of reasonable care in keeping the premises safe for their business invitees and that said defendants, and each of them, regularly inspected and cleaned their business premises to make them reasonably safe for their business invitees and that any dangerous condition, if any existed, did not exist long enough for the defendants in exercising reasonable care to discover and rectify.

"That plaintiff's injury was not the proximate result of any action or failure to act of the defendants, and each of them, but rather was the result of the plaintiff's own contributory negligence and the assumption on her part of any risk involved in the use of defendants' premises."

Appellant's first contention is that the evidence does

not support the findings and judgment. It is well settled that "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact." (*Estate of Arstcin,* 56 Cal.2d 239, 240 [14 Cal.Rptr. 809, 364 P.2d 33].)

This contention of appellant cannot be sustained. The trial judge at the conclusion of the evidence stated: "I fail to see where the plaintiff has shown negligence, considering the area. The same type of walk, the Court might make a finding of negligence on Wilshire Boulevard or on a supermarket out in Orinda, but I don't see how it is in that area. The pictures which are in evidence indicate the type of construction.

"Further, this plaintiff went in and came out and went in and came out. Now, the momentary inattention rule is merely a rule as to proof—I mean, as to nonsuit or in evaluating evidence on appeal. I think I will have to find, even if there were negligence, that the plaintiff had an opportunity to observe where she was stepping and she was therefore contributorily negligent.

"But my finding will be, however, that there was no negligence on the part of the plaintiff, and judgment will be for plaintiff—I mean for defendant. Excuse me. Judgment will be for the defendant. My finding is that there is no negligence on the part of the defendant. Judgment will be for defendant."

We are satisfied that the record amply supports the findings and conclusions of the trial court. Appellant and her husband had gone into the lodge once and had come out, and then only a few minutes thereafter reentered the lodge up the same steps, over the same porch, and into the same entrance. The court could well find from the evidence that appellant's failure to look where she was placing her feet, in view of the fact that snow, mud and slime were on the porch, was contributory negligence.

Our conclusion that the evidence amply sustains the finding of the trial court that the appellant was guilty of contributory negligence makes it unnecessary to discuss the remaining contentions of appellant.

The judgment is affirmed.

Peek, P. J., and Pierce, J., concurred.